The court now calls case number one one nine zero zero six people of the state of Illinois versus Jesus Cotto. Are you ready to proceed? Good morning. My name is Emily Hartman. I'm with the Office of the State Appellate Defender. I represent the petitioner appellant Jesus Cotto. May it please the court. This case arises out of a conflict within the appellate court over whether post-conviction counsel's duty to provide reasonable assistance at the second stage of proceedings applies equally to both appointed and retained counsel. The state has conceded that it does and this court should accept the state's concession. Posing a duty to provide reasonable assistance on private counsel is consistent with this court's prior decisions such as Richmond, Tate, Mitchell, and Royce which together reflect a desire of this court to apply straightforward rules in post-conviction proceedings and to treat petitioners equally regardless of whether they can pay for counsel or not. Treating petitioners differently will increase the complexity of post-conviction proceedings which this court recently warned against in People v. Tate. It will also create a system disparate treatment among similarly situated petitioners where an indigent person can seek relief if this counsel does not provide reasonable assistance where somebody who can pay or whose family can pay will not be able to seek relief. In this state in many counties where there are not many full-time public defenders the same attorney may be hired in one post-conviction case that is appointed in another case. In fact the only reason to hold that reasonable assistance would not apply to private counsel will be based on a belief that just by virtue of being a private attorney counsel would automatically present a petitioner's claims adequately. Litigation and post-conviction petitions in the Can I ask you a factual question counsel? Yes. When did your client retain the attorney who filed the post-conviction petition? What was that date? It's not in the record. Well that is of some significance right because if the record doesn't show I think you're right that's why I asked the question if if would you agree that if the defendant hired him after the deadline for filing the of that petition is counsel's fault? Couldn't be right? It can't be counsel's fault. Correct. However counsel has a duty to explain why the petition is untimely and to talk to his client and to get the reasons from his client so even an appointed counsel who comes in at the second stage he wouldn't be responsible for the petition being laid himself but he still has to talk to the client and find out why it's late and put that reason in the petition in the proper legal form. Okay. Didn't the trial court dismiss this on the issue as opposed to the timeliness? Well the trial court discussed the merits when it dismissed it but the trial court was actually silent as to timeliness and that silence does not mean that the trial court accepted counsel's argument. In this case counsel provided no reason whatsoever for the time period that the petition was late. So counsel's explanation for the petition all he said was that that Mr. Cotto's appellate counsel took some time to give him the appellate court's affirmance. He said that he showed an envelope sent to Cotto's mother showing that it was mailed in September of 2009 when the affirmance came down in June of 2009. But first he never said anything about Cotto not actually getting notice. So he didn't say that Cotto never got noticed just that he didn't get noticed from his appellate counsel which is significant because the appellate court is required to send a certified copy of any affirmance to somebody in custody. But didn't the trial court in its ruling indicated that it found the defendant's claims were not supported by the record or the law and did not say it's dismissing on timeliness? The court did not say that however so counsel's explanation covered up until January of 2009. Even if you even accepting it even if we say Cotto didn't get noticed that's January of 09 I'm sorry excuse me September of 09. The petition was due in 2010 so he gave no explanation from those for those four months September of 09 to January of 10 and counsel gave no explanation for the time that really mattered the time when the petition was late January 2010 to when it was filed in September of 2011. That's over a year and a half. So the trial court actually could not legally find that Cotto was not culpably negligent because there was no explanation for the time that the petition was late. So this explanation this lack of any explanation and combined with the fact that he never said that Cotto didn't get notice of a decision. This counsel's attempted explanation is inadequate on its face. He didn't cover the time that the petition was late. So in order to get past the bar on an untimely petition as this court knows an attorney is required to allege those facts which explain why the petition is late and show that it wasn't the petitioner's fault he wasn't culpably negligent. How did that adversely affect this defendant? This defendant was as adversely affected by counsel's failure to explain timeliness because in providing in not providing reasonable assistance regarding timeliness this court should have no confidence that he provided reasonable assistance with regard to any of the other duties due to him. Specifically this court should remand because in showing a lack of reasonable assistance on timeliness we can have no confidence that this counsel that he consulted with Mr. Cotto that he and that he took those claims from Mr. Cotto and adequately presented them in the petition. Going back to your question when the trial court discussed the merits of the petition because the trial court was unable to actually find that it was untimely this court should not find that the trial courts you know not talking about timeliness somehow rendered PC counsel's effectiveness in discussing timeliness moot. He didn't do it. He didn't cover it at all. He didn't give any explanation and you know on appeal and any reviewing court would certainly affirm based on timeliness. As this court said in Perkins the constitutional claims cannot even be presented until timeliness is explained. So since timeliness was not explained for the relevant period the trial court's of the merits we shouldn't even get there. This court should apply should remand regardless of the merits of the petition and should apply its case People v. Suarez to the facts of this case. In Suarez this court held that the duties that are imposed on post-conviction counsel they're there to ensure that a petitioner's claims are adequately presented and when counsel does not provide reasonable assistance that limited right to counsel provided by the act can't be fully realized. So Suarez concerned appointed attorney with a petition that was filed pro se and it concerned the attorney's failure to comply with rule 651 C or that rationale of this court's rationale from Suarez applies with full force to this case because Suarez's focus is really on ensuring that a post-conviction petitioner's claims are adequately presented. Just because a petition is not written pro se and it's drafted by counsel there is no guarantee at all that any counsel drafted petition is going to adequately present claims. Post-conviction Hearing Act is a it's not always intuitive it's extremely complicated and it has some technical pleading requirements. When somebody hires a private attorney you know the attorneys in the state are going to run the gamut from very experienced in post-conviction matters to not experienced at all. So any rule that this this court applies distinguishing between you know a hired attorney and an appointed counsel is going to any hired attorneys that's a pretty big range. So an inexperienced attorney may not always be able to comply with with I mean I understand all the requirements and and as I mentioned earlier you know you've got an appointed counsel in one situation who may very well be hired in another situation. So this court is being asked to make it there's a split right in authority over whether or not a private attorney reasonable assistance is required of a private attorney under the Post- Conviction Act right? Correct. And in this case the court found that they were not right so we're we're squared up to face that whether a private attorney must provide reasonable assistance and then the second question would be as it pertains to your client whether reasonable assistance occurred in this case. Correct. Okay. So we said and as I mentioned earlier reasonable assistance did not occur in this case but at a bare minimum any explanation counsel counsel is required to you know unexplained why a petition is untimely and any explanation the counsel gives must cover the untimely period. You have to at least put something in there as far as the time period that it was late and we have we have nothing from four months before the petition was even due until two years later when it was ultimately filed. The this petition was untimely but and so you know that precludes sort of um even getting to the merits because untimeliness is a bar but if this petition was timely this is a perfect example of the type of petition that you know comes from a private counsel was drafted by private counsel and it does not adequately present petitioner's claims. The best example of claim six in this petition counsel alleged that a trial counsel was ineffective for not calling witnesses that would have supported the defense. He doesn't say the names of those witnesses and he doesn't say that what they would have testified to. Post-conviction hearing requires at least that you have to make a substantial showing of a constitutional claim. Another another example from this petition there's a few claims that reflect that counsel wasn't particularly familiar with the Strickland standard as in he alleged you know trial counsel's ineffectiveness without going into prejudice. He he put in there a claim that Mr. Cotto received ineffective assistance of trial and appellate counsel because counsel didn't notify him of the decision until after 30 days passed which prevented him from appealing the appellate court's affirmance but he didn't allege prejudice he didn't say and here's here's what I would have argued and here's how it would have won. These are just there are more examples in this petition but but because of that you know looking at the way that this particular private attorney drafted the petition this court should not have any confidence that an attorney who doesn't provide reasonable assistance in even addressing timeliness necessarily complied with the rest of the requirements. Remember that most conviction petitioners almost all of them in fact are in prison so a lot of times you know family member is going to hire an attorney for the petitioner the family member may start listing some of the claims and there's not necessarily any reason to think that all attorneys are going to consult with a petitioner in prison or make a track down there or call them. They should and that's what reasonable assistance requires but just because somebody is privately hired it doesn't shouldn't give any confidence that they're that they're going to at the very least appointed attorneys are frequently more experienced to post conviction matters because they handle a lot of them. Applying Suarez to all situations where post conviction counsel fails to provide reasonable assistance will ensure that all post conviction petitioners get at assistance conferred by the act. Does this court have any any further questions at the moment? Doesn't appear so counsel. Thank you. I'll reserve the rest of my time for rebuttal. May it please the court. Assistant State's Attorney Joseph Alexander on behalf of the people of the state of Illinois. Your Honor I would like to address two things right off the bat. The first issue that I would like to address is counsel's discussion of the merits of the petition. Specifically her claims that post conviction counsel didn't even argue prejudice. It should be noted that counsel abandoned, defendant abandoned all of those claims on appeal. That he didn't raise any issues regarding the substantive claims. He simply raised the issue that counsel was unreasonable. Defense counsel I'm sorry counsel today also argued that seemingly there's this presumption of unreasonableness when it comes to post conviction counsel. That is not the case. While we agree that all defendants are entitled to the reasonable assistance of reasonable. We have to look at the representation. So you counsel then you concede right on the first issue. Private attorney or not reasonable assistance is required. We based on this court's prior holdings and its interpretation of the post conviction hearing act and rule 651 C. We are of the position that all defendants whether represented by appointed counsel or private counsel are entitled to To the extent that they held that defendants who are represented by private counsel aren't entitled to reasonable assistance then yes they were. But we should also look at that decision even though we concede that their position was incorrect. It was based on a plain reading of the post conviction hearing act and rule 651 C. The court unfortunately didn't mention or discuss this court's decision of people versus Mitchell where it applied the reasonable assistance standard to privately retained counsel. And again there's no policy reason and there's no common sense reason to distinguish between private counsel and appointed counsel. As this court determined in people versus Tate there should just be one standard. And so we agree with the defendants position that all defendants are entitled to the reasonable assistance. But now that we've conceded that or we agree with that position the second issue is whether this attorney was reasonable. And if we look at the record it shows that counsel was reasonable. Defendants primary argument can be summed up as counsel didn't explain enough. And defendant is looking at counsel's representation in hindsight which the court doesn't even allow for the Sixth Amendment right to effective assistance of counsel. So why are we now looking at in the lesser right looking at counsel's performance in hindsight second guessing and saying what someone else might have done. In this case counsel attempted to overcome the untimeliness of defendants petition. Counsel argued that the untimeliness was due to the ineffectiveness of trial and appellate counsel. If we look at counsel as a whole and I'm paraphrasing but counsel argued that this was an issue of a death by a thousand cuts. In effect counsel did a lot of little things that led to his ineffectiveness. So in the grand scheme of counsel's argument it was always the reason this petition was late was because of trial counsel who was also appellate counsel. Now whether it was counsel's argument was determinative of whether it was reasonable. As this court said in Perkins which actually dealt with the 651C issue, counsel made the best argument that he could. And that's what we have in this case. Counsel made a good faith argument that the reason the petition was late was because of trial and appellate counsel. And if we look at this record because the court didn't dismiss this petition on the timeliness grounds it can be inferred that the court reached the substantive issues and dismissed this petition on the merits. And if we look at the purpose of rule, I'm sorry, of the requirement that attorneys overcome or attempt to overcome procedural bars. And I believe in People v. Landers this court had a great explanation, a great discussion of the reason we do that, the reason we require attorneys to try to overcome that the defendant can present his or her issues to the court. That is the primary reason that that's a reasonable expectation of counsel. And in this case that reason, the primary reason for overcoming or attempting to overcome the lateness of a petition was achieved. Defendant had his substantive claims reviewed by the court. The court decided that those claims did not have merit and the court dismissed those claims on that basis alone. There was nothing in this, defendant suffered no prejudice because in his hindsight view counsel didn't explain enough. Counsel did exactly what he was required to do to be reasonable. And if we look at 651C, under that counsel, to be reasonable counsel has to consult with the defendant, examine the record, make sure the defendant's claims are properly presented to the court. And in this case counsel would be considered reasonable under 651C. And arguing that, it seems that defendant is arguing that although he's arguing that all attorneys should be treated equally and all defendants should have a reasonable assistance, he's attempting to hold private counsel to a higher standard. Under 651C if appointed counsel would have been sufficient, been considered reasonable, then based on this record private counsel could have been considered reasonable as well. And again, if we look at the record, counsel did everything that he could do to overcome the lateness of the petition. And if you notice, defendant doesn't provide any other excuse for why his petition was late. There are these vague statements of counsel didn't fully explain or, well, why didn't counsel talk about this period of time? Defendant hasn't posited any excuse, any reason for the lateness of his petition. And as this court recognized early on in this case, there's no information, no discussion about when post-conviction counsel was hired. So it is very possible that post-conviction counsel was hired after the filing deadline had passed. And in that case, counsel's, you can't consider counsel's argument unreasonable because then it would have been defendant's own negligence that led to the lateness of his petition. So based on these arguments and the arguments that we've presented in our brief, we ask that this court hold that all defendants are entitled to the reasonable assistance of counsel, whether counsel is privately retained or appointed, and that the attorney in this case provided that reasonable assistance. Thank you. If there are no other questions, thank you. If there doesn't appear to be any other questions. Just to clarify, Your Honors, we're not trying to apply a higher standard to private counsel or apply any different standard at all. Just to ensure that regardless of whether counsel is appointed or privately retained, that the same standard applies. With regard to the state's point that Mr. Cotto has abandoned the merits of the petition, under this court's decision in Perkins, this court said that when a petition is not timely filed, to have any chance to present constitutional claims at the second stage, counsel must overcome that time bar. So the merits are premature at this point because of right now there is no explanation for the late period of time and no way to overcome the time bar. As this court noted, the claims can't even be presented until that time bar is met. Mr. Cotto is not arguing for a presumption of unreasonableness. This case doesn't even present an opportunity to consider that because here the record shows that counsel did not provide reasonable assistance. Counsel is required under this court's decision in Perkins to provide an explanation for the late petition. Counsel's explanation didn't cover the time period it was late. In fact, counsel's essentially, he attached an envelope from Mr. Cotto's mother from September of 2009 and then just said briefly, the petition establishes clear facts that suggest the delay was not due to couple negligence. If that's reasonable assistance, then effectively anything counsel said could be reasonable assistance. Counsel could just make a conclusive statement like that and provide reasonable assistance, regardless of whether the explanation covered any of the time period. In Perkins, this court did find that that attorney did the best that he could. Perkins is distinguishable from this case in two ways. First, in Perkins, counsel came on at the second stage, so there was no way to even suspect that counsel had anything to do with the lateness in filing. It was here counsel drafted the petition and while we don't know when he was hired, we know that he put affidavits in the record from Mr. Cotto's mother and brother from February of 2011, which was seven months before it was filed. So that's part of the time period that counsel could have, you know, given some kind of explanation for, but chose not to. The other thing with Perkins is, Perkins' explanation, it was an explanation that covered, you know, the time period. Here's why it's late. It made sense, I mean, it wasn't legally viable, but it was, it at least explained why it was late. Whereas here, an envelope from two years before it was due is not an explanation for why it's late. Remember, counsel never actually said that Mr. Cotto didn't get notice of his appellate court's affirmance from the appellate court. He even included that claim just as a claim of ineffective assistance of appellate counsel for not giving him enough time to appeal, you know, file a petition for leave to appeal or which my opponent briefly mentioned is sort of a death by a thousand cuts argument. It's just another example of this attorney's lack of experience in certain areas. He made a strickling claim, multiple strickling claims, argued a cumulative claim, and didn't argue prejudice. There is a claim in that petition that deals with trial counsel misadvising Mr. Cotto on sentencing, and Cotto, in his own affidavit, says, had I known it was life, I would have taken a plea like 20 years, which he says it's an example, but it's not clear. In order to have a claim under People v. Curry or Lafler v. Cooper, the correct prejudice is to say, and the state made me this offer that I rejected. He doesn't put that in there. He doesn't know how to write that claim. And that's a pretty well-established basic claim. You have to show prejudice. So the state's point that the court in this case, in deciding the merits, sort of negates any consideration, oh, it doesn't matter if he did a good job on timeliness because the court discussed the merits. First, the court did not make a decision on the merits. It couldn't. I'm sorry, it didn't make a decision on timeliness because it couldn't, because it could not possibly find that Cotto was not culpably negligent because there was no explanation. And then this also goes to why this court should apply Suarez. In Suarez, the merits of that petition were meritless as a matter of law. It was an apprendee claim that rose shortly after this court had decided De La Paz, which held that an apprentice is not retroactive. So in Suarez, this court still remanded because, not because it mattered, you know, that the merits didn't ultimately matter. It was ensuring that what is a very, very limited right to counsel provided by the Post-Conviction Hearing Act is realized. When an attorney fails in one regard, and the record clearly shows that, there can be no confidence that that attorney complied with the rest of the requirements. A petitioner in a post-conviction hearing case, he gets one bite at the apple, absent, you know, compelling circumstances. He gets one chance to present his claims, and the Act requires that any attorney representing him adequately present those claims. And it's not a high standard. You just have to do it in the proper legal form to allow a court to make a determination. The lack, and then ultimately, counsel's lack of any explanation for the timeliness should give this court no confidence that the rest of the petition was as good as it could be either. If you put the claim in the petition, that your attorney didn't call witnesses at trial, basic, you know, criminal law, you have to say their names and what they were testified to. So this court should apply Suarez. Could it be as simple as he didn't have much to say regarding timeliness? I'm sorry? Could it be as simple as he didn't have much to say regarding timeliness? Well, potentially having not even been on, you know, and then talked to the defendant, you know, if we don't know when he came on? Sure. So if I'm getting this correct, your Honor is asking me hypothetical, what if there is no no viable explanation? It really is The first step is, from this court's decision as Perkins, as the state does admit, counsel does not have to file a, he doesn't have to avoid filing a petition that's late because the state can waive it, can waive timeliness. So he files a petition and then the state raises timeliness. In that context, he must explain timeliness. But if he can't, if he talks to his client and there is no explanation, the Act prevents that. The Act says you can't file a late you must withdraw. You must withdraw if you don't, if you know that the law says hey, you have to have a timely petition and it's not timely, you don't have any kind of explanation you can make for the timeliness, our ethical duty not to sign your name to a frivolous pleading requires us to withdraw. It's analogous to Greer, where this court, you know, held that appointed counsel can withdraw when the claims are meritless. And even though this is a privately retained attorney, privately retained attorneys withdraw from time to time, they just give a reason. You file a motion to withdraw, I don't have an explanation for timeliness, so the petition can't go forward. And that's the law, the law is clear on that. So counsel's duty is to explain timeliness and if he can, he withdraws. He didn't do that in this case and he signed his name to this petition. And his conduct in addressing timeliness with an envelope and a one this court's timeliness rules. In contrast of Perkins, this counsel may not have understood that you need to explain more than three months between the appellate court of permits and the date the notice is sent to you. If there are no more questions? Just same question, could that have been the best he had? If it was, he should have withdrawn. And this court should not presume that it was the best he had because this court's prior case law requires that, you know, a reasonable plain himself. So he had either he had an explanation or he should have withdrawn. But this court shouldn't assume that he didn't have one. Especially where that's pretty clear that you know, his duties are pretty clear under the act. There are more questions? Mr. Cotto respectfully request that this court reverses case and remand for new second stage proceedings. Thank you very much. Thank you. Case number 119006 people of the state of Illinois versus Jesus Cotto will be taken under advisement. His agenda number four is Hardman and Mr Alexander. We thank you for your presentations this morning. Mr Marshall, the court will stand adjourned until 9 30 tomorrow morning.